**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Tommy Wayne HALLMARK,
Defendant–Appellant.**

**No. 14–11232
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 2015.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

James Warren St. John, Esq., Fort Worth, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Tommy Wayne Hallmark appeals the sentence imposed following his guilty plea conviction of conspiracy to possess with the intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. At sentencing, the district court found, in accord with the presentence report (PSR) and its addenda, that Hallmark's offense involved 2.9 kilograms of methamphetamine, resulting in a base offense level of 32. Hallmark argues that the district court reversibly erred in this finding. He contends that the drug-quantity information in the PSR is unreliable because it is based on his codefendants' uncorroborated statements.

The probation officer who prepared Hallmark's PSR obtained the information reported therein by reviewing investigative materials prepared by DEA agents and other officers who were involved in the case and by interviewing a DEA agent who corroborated the information. "We have previously held that the district court may properly find sufficient reliability on a presentence investigation report which is based on the results of a police investigation." *United States v. Fuentes,* 775 F.3d 213, 220 (5th Cir.2014) (internal citation and quotation marks omitted). As Hallmark presented no evidence to rebut the information in the PSR, "the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

---

was free to adopt the PSR's findings without further inquiry or explanation." *Id.* (internal citation and quotation marks omitted).

AFFIRMED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.